IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THELMA ANDERSON o/b/o<br>TERRY D. ANDERSON, deceased,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner Of Social Security,<br><br>Defendant. | **ORDER**<br><br>Case No.  2:10-CV-872<br><br>Judge Clark Waddoups |

      This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B).  On May 23, 2012, Judge Alba issued a Report and Recommendation (Dkt. No. 33) recommending that the court affirm the ALJ's decision denying Terry Anderson's applications for Disability Insurance Benefits.

      Plaintiff objects on the grounds that the Magistrate failed to explicitly state his "rationale as to what evidence in the record supported the ALJ's conclusion that said doctors were not treating sources."  (Dkt. No. 34).  This objection has little merit, however, because Judge Alba's opinion provides detailed analysis supporting the ALJ's ruling even if the physicians are considered "treating sources."  (Dkt. No. 33).

      Furthermore, the plaintiff's objection, which reasons that the doctors were treating sources because they were all part of the same medical group, fails to provide any authority for its claim.  (Dkt. No. 34).  As Defendant correctly points out in its response brief, a doctor is considered a treating source when he or she has seen the claimant "a number of times and long

enough to have obtained a longitudinal picture of the claimant's impairment, taking into consideration the treatment the source has provided and the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories." *Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003) (citing 20 C.F.R. § 416.927(d)(2)(i), (ii)) (internal citations omitted). The ALJ's opinion does indicate the number of times each doctor attended to the Plaintiff, the length of time between each visit, and what type of examinations and tests were performed. (Dkt. No. 33). As it is not this court's role to re-weigh the evidence, when the ALJ's interpretation of the facts is "supported by substantial evidence, [it] shall be conclusive." 42 U.S.C. § 405(g).

Accordingly, after having reviewed the file *de novo*, and considering Plaintiff's objections, the court hereby APPROVES AND ADOPTS Judge Alba's Report and Recommendation (Dkt. No. 33) in its entirety.

DATED this 17th day of August, 2012.

                                              BY THE COURT:

                                              _____
                                              Clark Waddoups
                                              United States District Judge